## NEW YORK SUPERIOR COURT.

### ALEXANDER MEECH agt. KELLOGG H. LOOMIS.

Where the defendant has been *arrested* in an action authorizing his arrest, and where upon turning out security to the plaintiff's attorney for the claim in suit, he is by the consent of the latter released from arrest, before judgment, he is still liable to final process *against his person*, on the judgment.

*It seems,* that it would be otherwise, if the order of arrest had been *vacated* by the court.

*New York Special Term, September,* 1862.

MOTION by defendant to set aside execution against his person.

MONELL, Justice.   After the defendant had been arrested under an order of arrest in this action, and while in the custody of the sheriff, he transferred to the plaintiff's attorney certain articles of personal property which it was agreed should be held " as security for payment by said defendant of the amount claimed in said suit, and defendant to be released now from arrest." Thereupon the defendant was discharged from custody.   It is averred in the moving affidavits, that *by reason of such consent* the order of arrest became vacated before the entry of the judgment. No vacation of the order by a judge of this court appears to have been made, and the most that can be claimed is that the consent of the plaintiff's attorney releasing the

Meech agt. Loomis.

defendant from arrest *operated* as a discharge of the order. Subsequently the plaintiff obtained judgment for the amount claimed in his complaint. The complaint alleged facts showing that the debt had been fraudulently contracted by the defendant, and the judgment so adjudged. Upon a return unsatisfied of an execution against the property of the defendant, an execution against his person was issued, and he was arrested.

A motion is now made to set aside this last execution, on the ground that the defendant having been discharged from arrest upon the order of arrest, cannot be arrested upon an execution issued upon a judgment in the action.

Had the order of arrest been *vacated*, it might be a question whether an execution could issue against the person of the defendant. The consent to release the defendant from arrest did not operate as a vacation or discharge of the order of arrest. At most, I think it is to be regarded in the light of a voluntary escape, or like the entry of common bail under the old practice. I do not understand that in such cases, under the former practice, the defendant could not be arrested upon final process. A discharge or an escape, voluntary or otherwise, from arrest upon mesne process, never precluded a subsequent arrest upon final process.

Had the order of arrest been discharged, it might be as if no order had been granted; and in that case I think an execution against the person could not be issued. The allegation of fraud in the complaint, in an action of this kind, would not of itself authorize the execution.

The counsel for the moving party has not furnished me with any citation to authority for his motion, nor can I upon an examination of the books find any.

Upon principle, I see no reason for setting aside the execution.

The motion must be denied, with costs.